IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH H. KRAUSE**                                                                    **PETITIONER**

**V.**                        **CIVIL ACTION NO.: 4:14cv25-DMB-DAS**

**SUPERINTENDENT LEE**                                                  **RESPONDENT**

### OPINION AND ORDER

Kenneth H. Krause, Petitioner, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Krause is a federal prisoner who is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. Krause filed the instant action asking the Court to order the Bureau of Prisons ("BOP") to transfer him to a residential reentry center where he can serve out the remainder of his sentence.

### Petitioner's Allegations

Krause states that he was convicted of a federal crime and was sentenced in August 2001 by the United States District Court for the Central District of California to an undisclosed term of imprisonment. He alleges that his projected release date is March 19, 2015, and he contends that he is eligible to serve up to the last twelve months of his federal sentence in a residential reentry center ("RRC").[1] Krause contends that he was serving his sentence in a federal facility in Indiana before he was transferred to the Mississippi State Penitentiary in October of 2013, and he states that he requested RRC placement prior to his transfer. He maintains that he has also informed his BOP caseworker of his desire for a twelve-month RRC placement. He alleges that he has not

---

[1] A RRC is commonly referred to as a "halfway house."

1

received a response to any of his inquiries. He requests that the Court order the BOP to place him in a RRC pursuant to the Second Chance Act.

**Discussion**

Under the Second Chance Act, the BOP has the discretionary authority to place certain eligible inmates who are serving up to the last twelve months of their sentences in a residential reentry center. *See* 18 U.S.C. § 3624(c)(1). However, the statute does not entitle an inmate to placement in a RRC, but rather, it authorizes the BOP's consideration of such placement. *See, e.g., Purviance v. Maye*, 2011 WL 2173611, at *2 (W.D. Tex. June 2, 2011) (citation omitted). The statute also provides that nothing in the Act "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons" to designate the place of imprisonment under § 18 U.S.C. § 3621. 18 U.S.C. § 3624(c)(4). The Court notes that "[w]here the statute grants the prison administration discretion, the government has conferred no right on the inmate." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). Accordingly, the decision regarding Krause's housing belongs to the BOP, and the Court is not authorized to order that Krause be placed in a RRC. *See, e.g., United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993) (noting that "only the Bureau of Prisons has the actual authority to designate the place of incarceration" because "the executive branch and not the judicial branch is responsible for administering sentences"); *see also United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (finding that a defendant's request to serve the remainder of his sentence on home confinement should be "directed to the Bureau of Prisons").

Krause has no right to participate in the BOP's reentry program or to serve the remainder of his federal sentence in a halfway house, and the Court cannot authorize such placement.

Accordingly, the instant petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

    **SO ORDERED** this the 13th day of March, 2014.

                                      **/s/ Debra M. Brown**
                                      **UNITED STATES DISTRICT JUDGE**